IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SEAN SCOTT ROSS                                                                                      PLAINTIFF

v.                                              Civil No. 6:21-cv-06120

JODI SANSON, M.D.                                                                                DEFENDANT

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is the issue of whether this case was properly reopened. This action has been referred to the undersigned, and this issue is now ripe for consideration. Upon review, the Court finds this case was improperly reopened. The Court **WITHDRAWS** the Order reopening this case (ECF No. 29) and recommends this case be **DISMISSED** in its entirety.

**1.     Background:**

Plaintiff originally filed this action on August 16, 2021. ECF No. 1. Plaintiff's case was initially assigned to the Honorable U.S. District Judge Robert T. Dawson. At the time he filed his case, Plaintiff represented he was an Arkansas citizen. Defendant was also an Arkansas citizen, and Plaintiff's case was dismissed without prejudice for lack of subject matter jurisdiction. ECF No. 12. On October 6, 2021, Judge Dawson dismissed Plaintiff's case as follows:

> Plaintiff's complaint meets the amount in controversy requirement, but it alleges that both parties are citizens of Hot Springs, Arkansas. Therefore, the Court does not have jurisdiction to hear Plaintiff's complaint pursuant to 28 U.S.C. § 1332.

*Id.*

Subsequent to that dismissal, on January 11, 2023, Plaintiff's case was reassigned from Judge Dawson to the Honorable U.S. District Judge Susan O. Hickey. Plaintiff then filed a motion to reinstate and for reconsideration. ECF No. 13. In that motion, Plaintiff did not state he was a citizen of Texas and did not argue that the requirements for diversity of citizenship had been met.

1

Accordingly, this Court recommended his motion be denied. ECF No. 18. Judge Hickey adopted that recommendation and denied Plaintiff's request to reinstate his case. ECF 19.

On February 15, 2023, Plaintiff requested an extension to respond to Judge Hickey's order denying his requested reinstatement. ECF No. 20. In this motion, Plaintiff stated the following: "The Plaintiff wishes to clear up further errors apparently in the record regarding mailing address and where the Plaintiff resides as a matter of controversy. The Plaintiff resides in Texarkana, Tx., address of 714 W. 7th Street Texarkana Tx. 75503; This residence is Plaintiff's residence." *Id.* at 3. As a part of this motion and on his mailing envelope, however, Plaintiff lists his return address as 714 W. 27th St. Texarkana, Texas 75503. *Id.* at 3-4, 6.

Judge Hickey denied Plaintiff's request for an extension, recognizing Plaintiff had a duty to notify the Court of any changes to his address. ECF No. 22. The Clerk of Court then mailed that order to Plaintiff at the address he represented to the Court as his address: 714 W. 7th Street Texarkana, Texas. The mail was returned to sender as undeliverable: "Return to Sender No Such Number Unable to Forward." ECF No. 23.

Thereafter, on June 12, 2023, Plaintiff filed a motion to reopen his case. ECF No. 24. With that motion, Plaintiff again represented his address was 714 W. 7th Street Texarkana, Texas. *Id.* Plaintiff also affirmatively represented in this motion that "[t]his is Plaintiff's residence." *Id.* Taking Plaintiff's allegations as true, it appeared the Court had jurisdiction over this case. Accordingly, this Court reopened Plaintiff's case. ECF No. 29.

2. **Applicable Law**:

Upon review of Plaintiff's motion to reopen, the Court finds it should be more properly dealt with as a motion made pursuant to Rule 60(b). Rule 60(b) of the Federal Rules of Civil Procedure allows for "relief from a final judgment, order, or proceeding" under one of the

2

following conditions: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[1]; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Further, Rule 60(c) of the Federal Rules of Civil Procedure provides for the timing of such a motion. A motion made under Rule 60(b) "must be made within a reasonable time." For reasons (1) through (3) of Rule 60(b), the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."

**3.      Discussion:**

In the present action, Plaintiff filed his complaint on August 16, 2021. ECF No. 1. His case was dismissed on October 6, 2021. ECF No. 12. Thereafter, on February 15, 2023, Plaintiff represented for the first time that the Court was mistaken as to his address, and he was a citizen of Texas. ECF No. 20. Thereafter, Plaintiff filed his motion to reopen on June 12, 2023, again representing his citizenship was in Texas. ECF No. 24.

As a *pro se* litigant, the Court gives some leniency to Plaintiff as to the way he styled his motion and requested relief. However, even giving him every benefit of the doubt and interpreting his motion to reopen as a Rule 60(b) motion, Plaintiff is still untimely. At best, Plaintiff has represented to the Court that there was misunderstanding as to his address at the time it was

---

[1] Rule 59(b) provides that a motion for new trial must be filed "no later than 28 days after the entry of judgment."

dismissed. Such a request would fall under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Under Rule 60(c), such a motion must have been made "no more than a year after the entry of the judgment or order or the date of the proceeding."

Plaintiff is far beyond that time-period. The final judgment in Plaintiff's case was entered on October 6, 2021. Plaintiff then waited over a year or until February 15, 2023 to notify the Court of the issue with his address. Thereafter, Plaintiff waited until June 12, 2023 to request his case be reopened. Giving Plaintiff every leniency, the Court interprets his motion to reopen having been made in accordance with Rule 60(b)(1). As such, it was untimely filed under Rule 60(c), which provides for a one-year deadline. Because it was untimely filed, the Court improvidently granted this motion and reopened Plaintiff's case.[2]

As a final point, much of the confusion surrounding this case relates to Plaintiff's alleged citizenship. Plaintiff originally represented he was a citizen of Hot Springs, Arkansas. After his case was dismissed, he provided two different addresses in Texas: 714 W. 7th Street Texarkana, Texas and 714 W. 27th Street Texarkana, Texas. Through open-source information, this Court has determined the address provided by Plaintiff at 714 W. 7th Street is a non-residential area of warehouses and abandoned buildings. Further, according to property records in Bowie County, Texas, the other address provided by Plaintiff at 714 W. 27th Street is a residence owned by Bradley and Courtney Hickey.[3] There is no public information to substantiate Plaintiff's residence in Texas or at either address provided. It appears Plaintiff may have misrepresented to the Court his actual

---

[2] Further, apart from reopening the case pursuant to Rule 60(b)(1), the Court finds no other basis for reopening this case. Notably, the "catch all" provision in Rule 60(b)(6) providing for "any other reason that justifies relief" with the more flexible deadline of a "reasonable time" for filing is not applicable here. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litig.,* 496 F.3d 863, 868 (8th Cir. 2007) (recognizing the catch all provision under Rule 60(b)(6) may only be used in "extraordinary circumstances").

[3] https://bowieappraisal.com/property-search

state of citizenship.  **Plaintiff should be warned that knowingly making false statements to the Court can result in contempt proceedings or other sanctions**.

4. <u>Conclusion</u>:

As such, this Court withdraws the prior order reopening this case (ECF No. 29) and recommends this case be dismissed without prejudice.  The Court also recommends all pending motions in this action (ECF Nos. 31, 35, 43) be terminated.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8thCir. 1990).

**ENTERED this 24th day of August 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE