IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SEAN SCOTT ROSS                                                                                              PLAINTIFF

v.                                              Case No. 6:21-cv-06120

JODI SANSON, M.D.                                                                                         DEFENDANT

## ORDER

Before the Court is the Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 44. Judge Bryant recommends that the Court withdraw its prior order reopening this case (ECF No. 29) and that this case be dismissed without prejudice because the Court improvidently granted Plaintiff's untimely motion to reopen the case. Judge Bryant further recommends that all pending motions in this action (ECF Nos. 31, 35, 43) be terminated. Plaintiff objects. ECF No. 45. Defendant responded in opposition to Plaintiff's objections. ECF No. 46. Plaintiff replied to Defendant's response. ECF No. 47. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On August 6, 2021, Plaintiff, representing himself, filed this medical malpractice action pursuant to Arkansas state law. ECF No. 1. On October 6, 2021, the Court dismissed Plaintiff's case for lack of subject matter jurisdiction because Plaintiff's complaint alleged that both parties are citizens of Hot Springs, Arkansas. ECF No. 12. On December 19, 2022, Plaintiff filed a motion to reinstate and for reconsideration. ECF No. 13. In that motion, Plaintiff did not state he was a citizen of Texas and did not argue that the requirements for diversity of citizenship had been met. *See id.* Accordingly, Judge Bryant recommended Plaintiff's Motion (ECF No. 13) be denied. ECF No. 18. On January 31, 2023, this Court adopted Judge Bryant's recommendation and denied Plaintiff's motion to reinstate and for reconsideration. ECF No. 19.

On February 15, 2023, Plaintiff requested an extension to respond to the Court's order denying his requested reinstatement. ECF No. 20. In that motion, Plaintiff provided a Texarkana, Texas address as his place of residence. *Id*. On February 23, 2023, this Court denied Plaintiff's request for an extension, noting that it is the Plaintiff's responsibility to keep the Court apprised of his current address. ECF No. 22.

On June 12, 2023, Plaintiff filed a motion to reopen his case. ECF No. 24. On June 16, 2024, the Court granted Plaintiff's motion and reopened this case. ECF No. 29. On July 6, 2023, Defendant filed a motion to dismiss. ECF No. 31. On July 31, 2023, Plaintiff filed a motion for recovery of damages. ECF No. 35. On August 23, 2023, Plaintiff filed another motion for recovery of damages. ECF No. 43. On August 24, 2023, Judge Bryant issued a report and recommendation stating that the Court withdraws the order reopening the case (ECF No. 29) and recommending that this case be dismissed without prejudice. ECF No. 44. Plaintiff objects. ECF No. 45.

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a

party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).  Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing).  A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### III. DISCUSSION

Judge Bryant found that the Court improperly reopened this case and recommends that this case be dismissed without prejudice because plaintiff untimely filed a motion (ECF No. 24) for his case to be reopened.  The Court agrees with this recommendation.

Plaintiff's motion to reopen his case (ECF No. 24) is more properly dealt with as a motion made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it respectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff's request appropriately falls under Rule (60)(b)(1) for "mistake,

3

inadvertence, surprise, or excusable neglect." Pursuant to Federal Rule of Civil Procedure 60(c), such a motion must have been made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. (60)(c).

Plaintiff is far beyond that deadline. The final judgment in Plaintiff's case was entered on October 6, 2021. Plaintiff then waited until February 15, 2023, well over a year, to notify the Court of the issue with his address. Thereafter, Plaintiff waited until June 12, 2023, to request his case be reopened. ECF No. 24. Giving Plaintiff every leniency, the Court interprets Plaintiff's motion (ECF No. 24) as having been made pursuant to Rule 60(b)(1). As such, it was untimely filed pursuant to the one-year deadline provided in Rule 60(c). Thus, the court improvidently granted Plaintiff's motion (ECF No. 24) because it was untimely filed. ECF No. 29. Further, the Court finds no other basis for reopening this case. Notably, the "catch all" provision of Federal Rule of Civil Procedure 60(b)(6) providing for "any other reason that justifies relief" with the more flexible timeline of a "reasonable time" for filing is not applicable here. Fed. R. Civ. P. (60)(b)(6) & (60)(c). The catchall provision under Rule 60(b)(6) may only be used in extraordinary circumstances. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litig.*, 496 F.3d 863, 868 (8th Cir. 2007).

In his objections, Plaintiff provides that in the beginning of 2023, a different lawsuit "finalized with an unfortunate result" causing him to lose his residence in Arkansas. ECF No. 45. Plaintiff states that this prompted him "to reach out to his cousin Bradley Hickey who opened his home at 714 W. 27th st. Texarkana[, Texas]." *Id.* At that point, claims Plaintiff, after "understanding diversity jurisdiction," he "put in a change of address filed exhibit A." *Id.* Exhibit A displays an effective date of August 31, 2023. ECF No. 45-1. Plaintiff contends that diversity jurisdiction is now satisfied, and the Court should allow his case to remain open in the interest of

justice pursuant to Rule 60(b)(6).[1]

"Nearly two centuries of precedent establish diversity of citizenship must also exist at the *time of commencement.*" *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (quoting *Conolly v. Taylor,* 27 U.S. (2 Pet.) 556, 565, 7 L.Ed. 518 (1829) (Marshall, C.J.)). Plaintiff initiated this action on August 16, 2021, where he represented that he was a citizen of Arkansas, like Defendant. Regardless of his alleged change of address to Texas in 2023, his post-filing change of citizenship did not create diversity of citizenship. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 577-78, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (finding that the Supreme Court of the United States has never "acknowledged that a party's postfiling change of citizenship *can* cure a time-of-filing jurisdictional defect"). Thus, the Court never had diversity jurisdiction over this case. Accordingly, this case should not remain open pursuant to diversity jurisdiction.

Further, as the Eighth Circuit has noted, Rule 60(b)(6) requires the movant to demonstrate "exceptional circumstances" warranting reconsideration. *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994). Plaintiff has not put forth any substantive argument showing why the Court should depart from precedent and consider his circumstances of medical conditions, weather conditions, and incorrect addresses as "extraordinary" triggering the use of Rule 60(b)(6). Assuming, *arguendo*, Plaintiff timely filed a motion pursuant to Rule 60(b), it would not have in any way remedied that the Court never had jurisdiction and could not obtain jurisdiction over this case pursuant to a post-filing change of citizenship. Accordingly, this case should be dismissed without prejudice.

---

[1] Defendant filed a response to Plaintiff's objection to the report and recommendation arguing that "Plaintiff's objection should be rejected because diversity of citizenship is not satisfied and his 'exceptional circumstances' are not those contemplated under Rule 60(b)(6)." ECF No. 46. The Court agrees with Defendant and Judge Bryant's Report and Recommendation.

## IV.  CONCLUSION

Being well and sufficiently advised, and upon *de novo* review of all specific objections, the instant report and recommendation (ECF No. 44) is hereby **ADOPTED** for the above-stated reasons.  The Court withdraws the prior order reopening this case (ECF No. 29) and this case is hereby **DISMISSED WITHOUT PREJUDICE**.  Further, the pending actions in this case (ECF Nos. 31, 35, 43) are hereby **TERMINATED**.

**IT IS SO ORDERED**, this 22nd day of December, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge